**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| PES HOLDINGS, LLC, *et al.*, | ) | Case No. 19-11626 (LSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| PES HOLDINGS, LLC, *et al.,* | ) | |
| | ) | |
| Plaintiffs, | ) | Adversary Proceeding |
| | ) | |
| v. | ) | Case No. 20-50454 (LSS) |
| | ) | |
| ALLIANZ GLOBAL RISKS US INSURANCE | ) | |
| CO., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFFS' RESPONSE TO**
**DEFENDANTS' MOTION TO STRIKE PLAINTIFFS'**
**CONDITIONAL DEMAND FOR JURY TRIAL**

## TABLE OF CONTENTS

**Page**

SUMMARY OF ARGUMENT ................................................................................. 1

BACKGROUND ................................................................................................. 2

PROCEDURAL HISTORY .................................................................................. 3

ARGUMENT ...................................................................................................... 4

I.     THE DEBTORS FILED A CONDITIONAL JURY DEMAND BECAUSE OF
       INSURERS' THREAT TO CHALLENGE JURISDICTION ...................................... 4

II.    THE DEBTORS' JURY DEMAND WAS PROCEDURALLY PROPER .................. 7

       A.     The Insurers' Dictionary Citations Support the Debtors' Position ......................... 8

       B.     The Insurers' Cases are Inapposite ........................................................ 9

CONCLUSION ................................................................................................. 12

## <u>TABLE OF AUTHORITIES</u>

<u>Page(s)</u>

**Cases**

*Aetna Ins. Co. v. Kennedy*,
   301 U.S. 389 (1937)..................................................................................7

*Lofstedt ex rel. Behrends v. Oletski-Behrends (In re Behrends)*,
   No. 15-cv-01854-CMA, 2015 WL 6592643 (D. Colo. Oct. 30, 2015) ....................................6

*DHP Holdings II Corp. v. Peter Skop Indus., Inc. (In re DHP Holdings II Corp.)*,
   435 B.R. 220 (Bankr. D. Del. 2010) ...........................................................5

*Inacom Corp. v. Tech Data Corp. (In re Inacom Corp.)*,
   No. 04–148 (GMS), 2005 WL 2148563 (D. Del. Sept. 6, 2005)................................... *passim*

*JLL Consultants, Inc. v. Goldman Kurland & Mohidin LLP (In re AgFeed USA, LLC)*,
   565 B.R. 556 (D. Del. 2016)...................................................................6

*Kahn v. Gen. Motors Corp.*,
   865 F. Supp. 210 (S.D.N.Y. 1994) ...........................................................7, 10, 11

*Microbilt Corp. v. Fid. Nat'l Info. Servs., Inc.*,
   No. ADV. 11-02488 (MBK), 2014 WL 6804465 (D.N.J. Dec. 3, 2014) ...........................5, 12

*Schlein v. Golub (In re Schlein)*,
   188 B.R. 13 (E.D. Pa. 1995) ...................................................................6

*In re Stavriotis*,
   111 B.R. 154 (N.D. Ill. 1990) .................................................................6

*Strauss v. Cole*,
   No. 2:17-cv-00863-NKL, 2017 WL 6643995 (W.D. Mo. Dec. 29, 2017) ...........................6

*Superior Contracting Grp., Inc. v. Rachmale (In re LTC Holdings, Inc.)*,
   No. Civ. A. 18-1987 (MN), 2019 WL 4643801 (D. Del. Sept. 24, 2019)...........................6

*Uni-Marts, LLC v. NRC Realty Advisors, LLC*,
   426 B.R. 77 (D. Del. 2010)...................................................................7

*Valley Media, Inc. v. Toys R Us, Inc. (In re Valley Media, Inc.)*,
   289 B.R. 27 (Bankr. D. Del. 2003) .............................................................5

*W. Run Student Hous. Assocs., LLC v. Huntington Nat'l Bank*,
   No. 2:12-cv-76, 2013 WL 3993863 (W.D. Pa. Aug. 5, 2013)...................................7

## TABLE OF AUTHORITIES (CONT'D)

**Page(s)**

*Walker v. Edison Chouest Offshore, L.L.C.*,
    No. 04 Civ. 2954(MBM), 2006 WL 2212464 (S.D.N.Y. Aug. 3, 2006)...................................9

**Statutes**

28 U.S.C. § 157(d) ...........................................................................................................6

28 U.S.C. § 157(e) ...........................................................................................................4

**Rules**

Federal Rule of Bankruptcy Procedure 9015.......................................................3, 4, 5, 8

Federal Rule of Civil Procedure 38 ..................................................................3, 5, 7, 8

**Other Authorities**

*Demand*, Black's Law Dictionary (11th ed. 2019) ..........................................................8

*Demand*, Oxford English Dictionary (2d ed. 1989)..........................................................8

Philadelphia Energy Solutions Refining and Marketing LLC and its affiliated debtors (collectively, "Plaintiffs" or the "Debtors") respectfully submit this memorandum in opposition to *Defendants' Motion to Strike Plaintiffs' Conditional Demand for Jury Trial* [D.I. 51] and *Memorandum in Support* [D.I. 52] (the "Memo.") filed by the defendant insurance companies (collectively, the "Insurers").

## SUMMARY OF ARGUMENT

This Motion is an exercise in gamesmanship.  The Insurers ask this Court to decide a hypothetical question about whether the Debtors would have the right to a jury trial in some other court, at an undetermined point in the future, if the Insurers actually make (and win) a jurisdictional challenge they have yet to bring.  The advisory opinion the Insurers seek would be improper even if there was a pending motion to withdraw the reference, but it is all the more so given the Insurers' strategic choice to refrain from challenging jurisdiction until *after* they try to litigate in this Court the Debtors' right to a jury trial in a *different* court.  The Insurers' Motion should be denied.

*First*, the Debtors filed this adversary proceeding here because this case can and should be finally decided by this Court, the most experienced, economical, and expeditious forum for this dispute.  There will obviously not be a jury trial before this Court.  The conditional jury demand was necessary because the Insurers apparently intend to lay in the weeds, waiting to challenge this Court's jurisdiction until some later date, after the deadline for any jury demand had passed.  The law in this District is that a party who does not file a jury demand in the Bankruptcy Court waives its right to a jury trial in the District Court if the reference is later withdrawn.  The Debtors therefore filed a conditional demand to put the Insurers on notice—before discovery began—that the Debtors preserve their right to a jury trial if the Insurers seek to have this case transferred to a court that may conduct one and succeed with such a gambit.

**Second**, if this Court reaches the merits of the Motion, it should be denied. Courts make every presumption *against* the waiver of a jury trial, and the Insurers have not come close to meeting the demanding standard for waiver here. The Insurers cite no binding (or even particularly relevant) authority. The Insurers' cherry-picked dictionary definitions support the Debtors' view. And the two cases that the Insurers do cite are inapposite. This is not a case where an ambiguous complaint has left parties unsure about whether a jury demand has been made, nor is it an eleventh-hour jury demand filed on the eve of trial. Instead, the Debtors timely filed a jury demand within 14 days of the Insurers' Answer, as contemplated by the Federal Rules of Civil and Bankruptcy Procedure. Following this District's precedent, the jury demand preserves the Debtors' right to a jury trial in the event that the reference is withdrawn. It cannot possibly be the case that the *assertion* of the right to jury trial on a timely basis can be construed as the *waiver* of that right.

While more details will follow during the course of this litigation, this Motion reflects the Court's first opportunity to observe what the Debtors have experienced for these past nine months. Since an explosion on June 21, 2019 forced the Debtors' refinery to shut down, the Debtors have bent over backwards to comply with the Insurers' every request to obtain the insurance coverage they paid significant premiums for and which they so desperately need, only to be faced with more questions, more delay, and less clarity as to the Insurers' position. What has become clear is that these Insurers will do *anything* to delay, obfuscate the issues, and otherwise dodge straightforward obligations under the insurance policies and applicable law. The Motion should be denied.

## BACKGROUND

The Debtors purchased a multi-layered $1.25 billion property damage and business interruption insurance program (together, the "Policies") that protected the company in case of catastrophe. Compl. ¶ 59. In return, the Insurers charged the Debtors millions of dollars in premiums for coverage that they now refuse to provide. *See, e.g.*, Compl. Ex. 2 [D.I. 1-1 at 69].

2

On June 21, 2019, a catastrophic explosion and fire at the Debtors' Refining Complex led to the suspension and ultimate cessation of operations at the facility. Compl. ¶¶ 73–80. The Debtors filed these chapter 11 cases a month later. Compl. ¶ 81.

It quickly became apparent that the most important asset in the Debtors' chapter 11 cases would be the $1.25 billion in property damage and business interruption coverage promised in the Policies. As a result, the Debtors have made their senior management continuously available to the Insurers, facilitated numerous meetings and site visits, and have (to date) responded to over two hundred and fifty (and counting) Requests for Information that Insurers and their adjustment team have issued since the explosion. *See* Compl. ¶¶ 95, 100.

The Insurers, in contrast, have retreated to increasingly aggressive and indefensible coverage positions. Compl. ¶ 93. Ultimately, as described in detail in the Debtors' Adversary Complaint, the Debtors had no choice but to initiate this adversary proceeding to recover for the Debtors—and their creditors—the coverage that they paid for. Compl. ¶¶ 93–110. The Debtors' Plan of Reorganization, and the Confirmation Order approving it, provides for the pursuit of this coverage action and the payment of any proceeds related to it to a Liquidating Trust created in the Plan for ultimate distribution in accordance with the Plan and a related adversary proceeding.

## PROCEDURAL HISTORY

On February 12, 2020, the Debtors filed their Complaint in this case. Complaint [D.I. 1]. On March 27, 2020, the Insurers filed their Answer. Answer [D.I. 20]. On April 10, 2020, the Debtors timely filed their jury demand.[1] Demand for Jury Trial [D.I. 38]. Three weeks later, on May 1, 2020, the Insurers moved to strike the Debtors' jury demand. Mot. [D.I. 51]; Memo. [D.I.

---

[1]     Federal Rule of Civil Procedure 38, made applicable here by Federal Rule of Bankruptcy Procedure 9015, requires that a jury demand be made "no later than 14 days after the last pleading directed to the issue is served." FED. R. CIV. P. 38(b)(1); FED. R. BANKR. P. 9015(a). The "last pleading directed to the issue" was Insurers' Answer.

52].  The Insurers still have not filed any motion challenging this Court's jurisdiction, despite

suggesting in several contexts over the past three months that they would.

## ARGUMENT

The Debtors filed a conditional jury demand because the Insurers have stated that they

intend to challenge the jurisdiction of this Court, and, in the event the Insurers are somehow

successful in that gambit, the Debtors intend to preserve their right to a jury trial.  The Insurers, on

the other hand, continue to avoid challenging this Court's jurisdiction, and instead attempt to have

this Court decide whether Debtors would be entitled to a jury should this case ever be sent to

another court.  This Court has no reason to issue an advisory opinion about the Debtors' right to a

jury trial if this case is ultimately transferred elsewhere.  The Debtors absolutely have a right to a

jury trial if the Insurers attempt and succeed on such a maneuver, and the *assertion* of that right

cannot possibly constitute a waiver.

## I.    THE DEBTORS FILED A CONDITIONAL JURY DEMAND BECAUSE OF INSURERS' THREAT TO CHALLENGE JURISDICTION

The Insurers have said they intend to challenge the Court's jurisdiction, but they have

delayed doing so.  Specifically, in the Insurers' Answer, they acknowledge only non-core, "related

to" subject-matter jurisdiction, *see* Answer ¶¶ 10, 15, and purport to object to entry of final

judgment by this Court, *id.* ¶ 13; *see also* Memo. at 6.  But the Insurers have not asked the District

Court to withdraw the reference or otherwise sought to move the case to the District Court.

There is no dispute that *this* Court will not conduct a jury trial, and the Debtors are not

asking it to do so.  Bankruptcy courts can conduct jury trials only if: (1) all parties consent and (2)

the supervising district court has "specially designated" the bankruptcy court to conduct jury trials.

28 U.S.C. § 157(e); FED. R. BANKR. P. 9015(b).  The Insurers have not consented to a jury trial.

Memo. at 6 & n.4.  And the District Court has not specially designated this Court to conduct jury

4

trials. *E.g.*, *DHP Holdings II Corp. v. Peter Skop Indus., Inc. (In re DHP Holdings II Corp.)*, 435 B.R. 220, 232–33 (Bankr. D. Del. 2010) ("[T]he Court cannot conduct a jury trial."); *Valley Media, Inc. v. Toys R Us, Inc. (In re Valley Media, Inc.)*, 289 B.R. 27, 32 (Bankr. D. Del. 2003) (same).

If the Debtors were certain that this matter would remain in this Court, there would have been no need to file a jury demand. But the Insurers have expressed their intention to move to withdraw the reference at some point in the future and move this case to another forum. The Debtors therefore preserved the right to a jury trial—like any civil litigant—if this proceeding ends up in a forum that is able to conduct jury trials. The Insurers cite no authority disputing the Debtors' ability to take this position or holding that it constitutes a waiver. To the contrary, the Debtors' demand is *required* by the applicable rules.

Federal Rule of Civil Procedure 38, made applicable here by Bankruptcy Rule 9015, requires that a jury demand be filed "no later than 14 days after the last pleading directed to the issue is served." *See* FED. R. CIV. P. 38(b)(1), (d); FED. R. BANKR. P. 9015(a). The law in this District is that parties can waive their right to a jury trial in the District Court if they do not make a jury demand in the Bankruptcy Court and the reference is later withdrawn—even though "their demands would have been ineffective in the Bankruptcy Court, which cannot conduct jury trials." *Inacom Corp. v. Tech Data Corp. (In re Inacom Corp.)*, No. 04–148 (GMS), 2005 WL 2148563, at *3–4 (D. Del. Sept. 6, 2005). That is why the Debtors filed their Conditional Jury Demand.

The Courts in *Inacom* and *Microbilt*[2] criticized parties for not timely asserting their right to a jury trial in the bankruptcy court prior to withdrawal of the reference, which is typically done

---

[2]    *See also Microbilt Corp. v. Fid. Nat'l Info. Servs., Inc.*, No. ADV. 11-02488 (MBK), 2014 WL 6804465, at *6 (D.N.J. Dec. 3, 2014) (finding that Plaintiff waived its right to jury trial after withdrawal of the reference by not making a jury demand when the case was pending before the Bankruptcy Court) ("Plaintiff's explanation for why it failed to make a jury demand earlier in the adversary proceeding-that 'given this case was (and is) pending in the bankruptcy court, Plaintiff was not in a position to make a Rule 38 jury demand'-is unconvincing.")

(if at all) right at the beginning of a case. Indeed, while federal law does not specify a precise deadline for when a motion to withdraw the reference should be filed, it must be filed "timely." 28 U.S.C. § 157(d). The Insurers have threatened to file such a motion, but have delayed doing so, revealing their strategy of attempting to get this case heard in the District Court but depriving Debtors of their right to a jury in that court. *See* Memo. at 6.[3]

The Insurers' "heads-I-win, tails-you-lose" position has no merit. If the Debtors failed to file a jury demand within 14 days of their Answer, the Insurers presumably would argue that the Debtors had waived their right to a jury trial under *In re Inacom Corp.* and then move to withdraw the reference to seek a bench trial in the District Court. *See* 2005 WL 2148563, at *3–4. If the Debtors filed a traditional jury demand, the Insurers would argue that the jury demand requires withdrawal of the reference. *See, e.g.*, *Superior Contracting Grp., Inc. v. Rachmale (In re LTC Holdings, Inc.)*, No. Civ. A. 18-1987 (MN), 2019 WL 4643801, at *6 (D. Del. Sept. 24, 2019) (noting that filing a jury demand is a factor supporting withdrawal of the reference).

---

[3]   For the avoidance of doubt, the Debtors believe the Insurers have consented to jurisdiction in the Bankruptcy Court—by, among other things, filing the Motion—and any attempt to withdraw the reference now would not be "timely." The purpose of the timeliness requirement "is to prevent unnecessary delay and stalling tactics." *JLL Consultants, Inc. v. Goldman Kurland & Mohidin LLP (In re AgFeed USA, LLC)*, 565 B.R. 556, 565 (D. Del. 2016) (quoting *Schlein v. Golub (In re Schlein)*, 188 B.R. 13, 15 (E.D. Pa. 1995)). A motion to withdraw the reference must be filed "at the first reasonable opportunity after the movant has notice of the grounds for removal, taking into consideration the circumstances of the proceeding." *In re AgFeed USA, LLC*, 565 B.R. at 565 (citation omitted). If a motion to withdraw the reference is untimely, it is denied as waived. *See, e.g.*, *Strauss v. Cole*, No. 2:17-cv-00863-NKL, 2017 WL 6643995, at *3–5 (W.D. Mo. Dec. 29, 2017) (collecting cases); *Lofstedt ex rel. Behrends v. Oletski-Behrends (In re Behrends)*, No. 15-cv-01854-CMA, 2015 WL 6592643 (D. Colo. Oct. 30, 2015) (finding that party had consented to court's jurisdiction and waived right to move to withdraw the reference); *In re Stavriotis*, 111 B.R. 154, 157–58 (N.D. Ill. 1990) (finding right to withdraw the reference was waived because motion was untimely).

The Insurers have had over three months to move to withdraw the reference. They could have filed immediately after the Debtors filed this Complaint. They could have filed within the 45 days the Debtors gave them to answer, or with their Answer. Indeed, the Insurers pleaded the factual predicates to move for permissive withdrawal of the reference in their Answer (although the Debtors dispute those allegations)—but *still* did not file. Answer ¶¶ 10–15. And, they waited three weeks to file this Motion, rather than moving to withdraw the reference.

Accordingly, in addition to being not ripe (because it would be relevant *only if* the reference was withdrawn), the Insurers' Motion is also moot—as any motion to withdraw the reference has been waived. *That*, however, like the Insurers' Motion, is a matter that would only be for another court at another time.

But neither of these two absolutes is the case.  Under *In re Inacom Corp.*, a jury demand must be made in the bankruptcy court to preserve a party's right to a jury trial if the reference is withdrawn.  2005 WL 2148563, at *3–4.  The Debtors simply acted to preserve that right, and demanded a jury only if this adversary proceeding is transferred to a non-bankruptcy court that can conduct a jury trial.  There is no reason to deem the Debtors' *affirmative invocation* of their right to jury trial, in precisely the time provided by Federal Rule 38, to be a "waiver" of anything.

## II.    THE DEBTORS' JURY DEMAND WAS PROCEDURALLY PROPER

"Motions to strike are generally disfavored and ordinarily are denied 'unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties."  *Uni-Marts, LLC v. NRC Realty Advisors, LLC*, 426 B.R. 77, 81 (D. Del. 2010) (denying motion to strike) (citation omitted); *W. Run Student Hous. Assocs., LLC v. Huntington Nat'l Bank*, No. 2:12-cv-76, 2013 WL 3993863, at *2–4 (W.D. Pa. Aug. 5, 2013) (denying motion to strike jury demand).  Here, there is no question that the Debtors' jury demand is directly related to this controversy, given the Insurers' effort in their Answer to reserve the right to litigate elsewhere.  Nor is there any doubt that striking the jury demand may cause prejudice to the Debtors if the Insurers' gambit succeeds and the reference is later withdrawn.

As described above, there is no reason for this Court to reach the issue presented by the Insurers' Motion.  The relief Insurers seek would only be relevant *if* the Insurers succeeded in moving this case to another court, which the Insurers have not yet tried to do.  And even if Insurers were successful, the Insurers' Motion it would be an issue for that court.  But if this Court is inclined to reach the merits, the Motion should be denied.  As the Insurers' cited cases recognize, "the right of jury trial is fundamental" and "courts indulge every reasonable presumption against waiver."  *Kahn v. Gen. Motors Corp.*, 865 F. Supp. 210, 213 (S.D.N.Y. 1994) (quoting *Aetna Ins. Co. v. Kennedy*, 301 U.S. 389, 393 (1937)).

7

The only support that the Insurers cite for their position that the right to a jury trial has been "waived" here is two dictionary definitions and two inapposite, non-binding, district court cases from New York.  None of the Insurers' cited authorities supports the Motion.

### A.    The Insurers' Dictionary Citations Support the Debtors' Position

The Insurers' citation to *Black's Law Dictionary* actually supports the Debtors' position. *Black's Law* does not define the term "jury demand," but it does define the noun "demand" as "[t]he assertion of a legal or procedural right."  *Demand*, Black's Law Dictionary (11th ed. 2019) (definition quoted in full).  That is exactly what the Debtors have done here:  the Debtors asserted their right to a jury trial in any court that permits a jury trial and did so on a timely basis.  As in *In re Inacom Corp.*, this demand must be made in the Bankruptcy Court to preserve the right if the reference is ultimately withdrawn.  *In re Inacom Corp.*, 2005 WL 2148563, at *3.  The Debtors' Conditional Jury Demand was the "assertion of a legal or procedural right," and nothing in *Black's Law Dictionary* supports the notion that a jury demand is invalid if it demands a trial by jury only in a court where that is legally possible.

The Insurers' non-legal dictionary definition of the word "demand" does not help them either, as the Debtors' demand was an "authoritative or preemptory request or claim."  *Demand*, Oxford English Dictionary (2d ed. 1989).  In fact, the Debtors filed their Conditional Jury Demand precisely to "preempt" the Insurers from seeking to withdraw the reference in order to have this case proceed in another forum (where juries are allowed) without a jury.  Therefore, even if these dictionary definitions of the word "demand" were persuasive authority for how this Court should construe Federal Rule of Civil Procedure 38 or Bankruptcy Rule 9015, the Debtors' conditional jury demand is valid.

8

### B.    The Insurers' Cases are Inapposite

The Insurers' Motion relies on two cases from the Southern District of New York, neither of which involves a conditional jury demand made during a bankruptcy proceeding and neither of which supports their position.  First, those cases involved a plaintiff's *failure* to demand a jury trial or an express waiver of that right.  Second, both cases would have involved clear prejudice to the defendant if the plaintiff had been permitted to retract its waiver of a jury trial.  Here, the Debtors are *asserting* the right to a jury at the outset of the case, and their demand *clarifies* proceedings by demanding a jury trial in any court other than the Bankruptcy Court.  The Insurers are not prejudiced by this jury demand in any way, which distinguishes both of their cited cases.

In *Walker*, the plaintiff did not file a jury demand.  Instead, he included in his complaint the following statement:  "Nothing in these jurisdictional allegations is to be construed as a waiver of the plaintiff's right to a jury trial . . . nor the right to have all of the claims asserted herein tried to a jury, at plaintiff's option . . . ."  *Walker v. Edison Chouest Offshore, L.L.C.*, No. 04 Civ. 2954(MBM), 2006 WL 2212464, at *2 (S.D.N.Y. Aug. 3, 2006).  The plaintiff argued that "not waiving a jury trial" is akin to demanding a jury trial. *Id.*  The court disagreed. *Id.*  The plaintiff's failure to make a jury demand left defendants in suspense because they did not have "adequate and definitive notice" of whether they would have to file their own jury demands.  *See id.*

The court's concern in *Walker* was that the defendants, seeing only an ambiguous reservation in the complaint, would not know if they needed to file their **own** jury demand to preserve their **own** right to a jury trial.  *See id*.  The Insurers do not claim any similar prejudice in their Motion, because there is none.  And as a matter of law, there could be no prejudice, since the Insurers apparently have no intention of making their own demand for a jury trial in any court. *See* Memo. at 6.  *Walker* is therefore inapposite to this Motion, even if the Debtors' jury demand was ambiguous (which it was not).

9

Here, the Debtors filed a timely jury demand, clearly stating that (1) consistent with this District's precedent, the Debtors demand a jury if this adversary proceeding is transferred to a court in which a jury is available; but (2) the Debtors believe this Court should finally resolve this adversary proceeding (which must be done without a jury under the law of this District). Demand for Jury Trial at 1; *In re Inacom Corp.*, 2005 WL 2148563, at *3–4. There is nothing confusing or ambiguous about the Debtors' demand. If the case is ultimately tried by this Court, the Debtors are not demanding a jury trial, but if it is tried in any court in which a jury is allowed, they are.

The Insurers' other citation is similarly inapposite. *Kahn* concerned an eve-of-trial jury demand by a plaintiff who had previously expressly waived that demand in open court. *Kahn*, 865 F. Supp. 210. Three years after the case had been filed, the *pro se* plaintiff wrote to a judge offering to waive his jury demand if that specific judge conducted the bench trial. *Id.* at 211. The plaintiff then waived his jury right repeatedly, in letters, during his deposition, and in open court. *Id.* at 212–13 ("The content of Kahn's letters, his deposition testimony and his silence at the pre-trial conference clearly show a reasoned waiver."). But the judge was subsequently elevated to the Second Circuit and the case was reassigned. *See id.* at 215.

The court held that the plaintiff had waived his right to a jury trial. *Id.* at 212. It reasoned that plaintiff stated repeatedly that he waived his right to a jury trial and that the defendant would be prejudiced by changing the plan following the close of discovery and on the eve of trial since "it would have conducted discovery differently for a jury trial" and proceedings had been going on for over five years. *Id.* at 214. The plaintiff, in contrast, alleged no prejudice. *Id.*

Here, the Debtors do not seek a bench trial before a specific judge (and in fact the judge has changed since the Debtors initiated this lawsuit due to Judge Gross's retirement). The Debtors do not even have the choice of a jury trial in this Court in the way that the plaintiff in *Kahn* did.

The Debtors demand a jury trial if the case is tried outside of the Bankruptcy Court, a demand that the Debtors are required to make to preserve their right to a jury trial under the law in this District. *See In re Inacom Corp.*, 2005 WL 2148563, at *3–4. And any delay in a final determination of where this case will be tried would be the result of the Insurers' strategy to delay their jurisdictional objection precisely to manufacture an argument that the Debtors have waived the right to a jury trial. If the Insurers wanted to clarify the forum that this case would be litigated in before discovery started, they had every opportunity to do so and deliberately chose not to.

Moreover, unlike in *Kahn*, there is no prejudice to the Insurers from the Debtors' filing of their Conditional Jury Demand within the time provided by the rules—that is, 14 days after the filing of the Insurers' Answer, and before Insurers had responded to the Debtors' discovery or served any of their own. This is not an eleventh-hour reversal where discovery has been completed and a defendant's trial strategy has been disrupted. *See Khan*, 865 F. Supp. at 214. And the Debtors' jury demand is precise. The demand states that if this adversary proceeding goes to another court where a jury trial is permissible (which the Insurers purport to reserve the right to seek, no matter how far down the line in this litigation), the Debtors reserve their right to a jury trial as this District's law requires. *See In re Inacom Corp.*, 2005 WL 2148563, at *3–4; Demand for Jury Trial at 1.

Since the Insurers cannot claim that they have been prejudiced, they find no support in *Kahn*. And, in fact, the Insurers have not cited, nor have the Debtors located, a single case suggesting that a Conditional Jury Demand filed by a Debtor should be stricken by a Bankruptcy Court under similar circumstances.

The Insurers are essentially taking the position that a party that initiates an Adversary Proceeding in the Bankruptcy Court waives its right to a jury trial, even if the reference is later

withdrawn upon timely motion.  The Insurers cite no authority for that proposition, and case law within the Third Circuit suggests the opposite.  *See In re Inacom Corp.*, 2005 WL 2148563, at *3–4; *Microbilt Corp.*, 2014 WL 6804465, at *6.  Thus, there is no need for *this Court* to address the Motion on the merits (since it would only be relevant if the Insurers filed, and prevailed on, a motion to withdraw the reference), and the Motion should be denied.

## CONCLUSION

For the foregoing reasons, the Debtors respectfully request that this Court deny the Insurers' Motion or such other relief as this Court deems appropriate.

Dated:  May 15, 2020
Wilmington, Delaware

*/s/ Laura Davis Jones*
Laura Davis Jones (DE Bar No. 2436)
James E. O'Neill (DE Bar No. 4042)
Peter J. Keane (DE Bar No. 5503)
**PACHULSKI STANG ZIEHL & JONES LLP**
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone:    (302) 652-4100
Facsimile:    (302) 652-4400
Email:        ljones@pszjlaw.com
              pkeane@pszjlaw.com
              joneill@pszjlaw.com

- and -

Edward O. Sassower, P.C.
Steven N. Serajeddini (admitted *pro hac vice*)
Matthew C. Fagen (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:        edward.sassower@kirkland.com
              steven.serajeddini@kirkland.com
              matthew.fagen@kirkland.com

Andrew A. Kassof, P.C. (admitted *pro hac vice*)
Nader R. Boulos, P.C. (admitted *pro hac vice*)
Michael B. Slade (admitted *pro hac vice*)
William T. Pruitt (admitted *pro hac vice*)
Whitney L. Becker (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 N. LaSalle
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
Email:        andrew.kassof@kirkland.com
              nader.boulos@kirkland.com
              michael.slade@kirkland.com
              william.pruitt@kirkland.com
              whitney.becker@kirkland.com

*Co-Counsel to the Debtors and Debtors in Possession*

Robin Cohen (admitted *pro hac vice*)
Kenneth H. Frenchman (admitted *pro hac vice*)
**MCKOOL SMITH**
One Manhattan West
395 9th Avenue, 50th Floor
New York, NY 10001
Telephone:    (212) 402-9400
Facsimile:    (212) 402-9444
Email:        rcohen@mckoolsmith.com
              kfrenchman@mckoolsmith.com

*Co-Counsel to the Debtors and Debtors in Possession*

13