## IN THE UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| PES HOLDINGS, LLC, *et al.*,[1] | ) | Case No. 19-11626 (LSS) |
| | ) | |
| Reorganized Debtors. | ) | (Jointly Administered) |
| | ) | |
| PES HOLDINGS, LLC, NORTH YARD GP, LLC, NORTH YARD LOGISTICS, L.P., PES ADMINISTRATIVE SERVICES, LLC, PES ENERGY INC., PES INTERMEDIATE, LLC, PES ULTIMATE HOLDINGS, LLC, PHILADELPHIA ENERGY SOLUTIONS REFINING AND MARKETING LLC, | ) ) ) ) ) ) ) ) | |
| | ) | |
| *Plaintiffs*, | ) | Adversary Proceeding |
| | ) | |
| -and- | ) | Case No. 20-50454 (MFW) |
| | ) | |
| ICBC STANDARD BANK PLC, | ) | |
| | ) | |
| Intervenor-Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| ALLIANZ GLOBAL RISKS US INSURANCE CO., *et al.*, | ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## PES LIQUIDATING TRUST'S MOTION TO SEAL EXHIBIT TO KRAVITZ DECLARATION IN SUPPORT OF MOTION FOR ENTRY OF AN ORDER (I) APPROVING THE BUSINESS INTERRUPTION SETTLEMENT BY AND AMONG THE DEBTORS, ICBC STANDARD BANK PLC, AND CERTAIN INSURERS AND (II) GRANTING RELATED RELIEF

---

[1]   The Reorganized Debtors in these chapter 11 cases, along with the last four digits of each Reorganized Debtor's federal tax identification number, are: PES Holdings, LLC (8157); North Yard GP, LLC (5458); North Yard Logistics, L.P. (5952); PES Administrative Services, LLC (3022); PES Energy Inc. (0661); PES Intermediate, LLC (0074); PES Ultimate Holdings, LLC (6061); and Philadelphia Energy Solutions Refining and Marketing LLC (9574).

The PES Liquidating Trust (the "Liquidating Trust")[2] on behalf of the above-captioned debtors (the "Debtors" or, as reorganized entities following the effective date of the Plan (as defined herein), the "Reorganized Debtors") hereby files this motion (the "Motion to Seal") pursuant to sections 105(a) and 107(b) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9018-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), for an order authorizing the Liquidating Trust to file under seal Exhibit 3 to the *Declaration of Peter Kravitz in Support of the PES Liquidating Trust's Motion for Entry of an Order (I) Approving the Business Interruption Settlement by and Among the Debtors, ICBC Standard Bank Plc and Certain Insurers and (II) Granting Related Relief* (the "Kravitz Declaration") filed in support of the *Motion for Entry of an Order (I) Approving the Business Interruption Settlement by and Among the Debtors, ICBC Standard Bank Plc, and Certain Insurers and (II) Granting Related Relief* (the "Motion") [Adv. Docket No. 242].  In support of this Motion to Seal, the Liquidating Trust respectfully states as follows:

**Jurisdiction and Venue**

1.    The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

---

[2]    The Liquidating Trust is a trust created pursuant to the Debtors' Plan, as defined herein.  The Liquidating Trust is responsible for and has the authority to administer certain post-confirmation responsibilities under the Plan on behalf of the Debtors.

2

2.      Pursuant to Rule 7008-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Liquidating Trust consents to the entry of a final order by the Court in connection with this Motion to Seal to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

3.      Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The bases for the relief requested herein are sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1.

## Relief Requested

5.      By this Motion to Seal, the Liquidating Trust seeks entry of an order substantially in the form annexed hereto as Exhibit A, pursuant to sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1, (i) authorizing the Liquidating Trust to file under seal Exhibit 3 to the Kravitz Declaration in support of the Motion, and (ii) granting such other and further relief as requested herein or as the Court otherwise deems necessary or appropriate.

## Basis for Relief

6.      The Bankruptcy Code, Bankruptcy Rules, and Local Rules authorize the Court to limit the disclosure of certain confidential information to protect entities from potential harm. Section 107(b) of the Bankruptcy Code provides, in relevant part, as follows:

> On request of a party in interest, the bankruptcy court shall . . . (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . .

11 U.S.C. § 107(b)(1).  Section 105(a) of the Bankruptcy Code codifies the Court's inherent equitable powers and empowers it to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

3

7.      Bankruptcy Rule 9018 defines the procedures by which a party may move for relief under section 107(b), providing that:

> [o]n motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information

Fed. R. Bankr. P. 9018.

8.      Further, Local Rule 9018-1(d) provides, in relevant part, that "[e]xcept as otherwise ordered by the Court, any entity seeking to file a document (a "Proposed Sealed Document") under seal must file a motion requesting such relief (a "Sealing Motion") no later than three (3) business days after the filing of the Proposed Sealed Document." Del. Bankr. L.R. 9018-1(d)(i).

9.      Unlike its counterpart in Rule 26(c) of the Federal Rules of Civil Procedure, section 107(b) of the Bankruptcy Code does not require an entity seeking such protection to demonstrate "good cause." *See, e.g.*, *Video Software Dealers Ass'n v. Orion Pictures Corp.* (*In re* Orion Pictures Corp.), 21 F.3d 24, 28 (2d Cir. 1994) (holding that a license agreement authorizing a licensee "to reproduce, manufacture, distribute, and sell videocassettes" of three films contained confidential commercial information). Rather, if the material sought to be protected satisfies one of the categories identified in section 107(b), "the court is required to protect a requesting party and has no discretion to deny the application." *Orion Pictures*, 21 F.3d at 27. Moreover, the resulting order should be broad (*i.e.*, "any order which justice requires"). *In re Global Crossing, Ltd.*, 295 B.R. 720, 724 (Bankr. S.D.N.Y. 2003); Fed. R. Bankr. P. 9018. Courts are required to provide such protections "generally where open inspection may be used as a vehicle for improper purposes." *Orion Pictures*, 21 F.3d at 27. Indeed, the "authority goes not just to the protection of confidential documents, but to other confidentiality restrictions that are warranted in the interests of justice." *Global Crossing*, 295 B.R. at 724.

4

10.     Courts have also found that such relief should be granted if the information sought to be protected is "commercial information," which is defined as "information which would result in 'an unfair advantage to competitors by providing them information as to the commercial operations of the debtor.'" *In re Alterra Healthcare Corp.*, 353 B.R 66, 75 (Bankr. D. Del. 2006). However, commercial information does not have to rise to the level of a trade secret to be protected under section 107(b) of the Bankruptcy Code. *See Orion Pictures*, 21 F.3d at 28 (finding that section 107(b)(1) creates an exception to the general rule that court records are open to examination by the public and, under this exception, an interested party has to show only that the information it wishes to seal is "confidential and commercial" in nature); *see also In re 50-Off Stores*, 213 B.R. 646, 656 (Bankr. W.D. Tex. 1997) (Bankruptcy Code section 107(b)(1) should be interpreted to include information subject to the attorney-client privilege) ("a client's disclosures made in confidence to its attorneys is one kind of 'confidential … commercial information.'")

11.     Here, the information sought to be filed under seal includes attorney-client privileged information from the September 15, 2021 BI Committee Board Meeting minutes. Accordingly, the information is protected by the attorney-client privilege and should be sealed.

### Notice

12.     Notice of this Motion shall be provided to the following parties or their counsel, if known: (a) the U.S. Trustee; (b) the Committee; (c) the administrative agent under the Debtors' prepetition first lien term loan facility and counsel thereto; (d) the lenders under the Debtors' prepetition first lien term loan facility and counsel thereto; (e) Merrill Lynch Commodities, Inc. and counsel thereto; (f) NGL Energy Partners LP and counsel thereto; (g) the lenders under the Debtors' prepetition promissory note and counsel thereto; (h) counsel to ICBCS; (i) the lenders under the Debtors' debtor-in-possession financing facility and counsel thereto; (j) the United States

5

Attorney's Office for the District of Delaware; (k) the Internal Revenue Service; (l) the state attorneys general for all states in which the Debtors conduct business; and (m) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Liquidating Trust respectfully submits that no further notice is required.

WHEREFORE, the Liquidating Trust respectfully requests the entry of an order, substantially in the form attached hereto as **Exhibit A**, and for such other and further relief as may be appropriate.

Dated:  November 22, 2021

*/s/ Peter J. Keane*

Laura Davis Jones (DE Bar No. 2436)
James E. O'Neill (DE Bar No. 4042)
Peter J. Keane (DE Bar No. 5503)
**PACHULSKI STANG ZIEHL & JONES LLP**
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone:    (302) 652-4100
Facsimile:    (302) 652-4400
Email:    ljones@pszjlaw.com
joneill@pszjlaw.com
pkeane@pszjlaw.com

- and -

Edward O. Sassower, P.C.
Steven N. Serajeddini (admitted *pro hac vice*)
Matthew C. Fagen (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:    edward.sassower@kirkland.com
steven.serajeddini@kirkland.com
matthew.fagen@kirkland.com

Nader R. Boulos, P.C. (*pro hac vice*)
William T. Pruitt (*pro hac vice*)
Kent J. Hayden (*pro hac vice*)
**KIRKLAND & ELLIS LLP**

**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 N. LaSalle
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
nader.boulos@kirkland.com
william.pruitt@kirkland.com
kent.hayden@kirkland.com

*Counsel for Plaintiffs PES Energy, Inc., PES Holdings LLC, PES Administrative Services, LLC, PES Intermediate, LLC, PES Ultimate Holdings, LLC, and Philadelphia Energy Solutions Refining and Marketing LLC*

DOCS_DE:237130.1 70753/001